UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES A. M.,

                    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

Case No. 22-12334
Honorable Shalina D. Kumar
Magistrate Judge Patricia T. Morris

**OPINION AND ORDER SUSTAINING PLAINTIFF'S OBJECTIONS (ECF NO. 17); REJECTING REPORT AND RECOMMENDATION (ECF NO.16); GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 12); DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 14); AND REMANDING CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

## I.    Introduction

Plaintiff James A. M. appeals the final decision of defendant Commissioner of Social Security (the "Commissioner"), which denied his application for supplemental security income under the Social Security Act. ECF No. 1. Under 28 U.S.C. § 636(b), the Court referred the case for all pretrial matters to the magistrate judge. ECF No. 10; Text-Only Order of March 13, 2023, reassigning magistrate judge. Both parties filed motions for summary judgment. ECF Nos. 12, 14.

On October 13, 2023, the magistrate judge issued a Report and

Recommendation ("R&R"). ECF No. 16. The R&R recommends that

plaintiff's motion be denied; the Commissioner's motion be granted; and the

Commissioner's decision be affirmed under sentence four of 42 U.S.C.

§ 405(g). *Id.* Plaintiff timely filed objections to the R&R, and the

Commissioner filed a response. ECF Nos. 17, 18. For the reasons set forth

in detail below, the Court sustains objections from plaintiff, rejects the R&R,

grants plaintiff's motion for summary judgment, denies the Commissioner's

motion for summary judgment, and remands the case for further

administrative proceedings.

## II.    Background

Plaintiff applied for supplemental security income ("SSI") on August

15, 2019, claiming disability as a result of back and neck injuries suffered

when he fell through a three-story roof at work. ECF No. 6-2, PageID.107.

The administrative law judge ("ALJ") found severe impairments of

degenerative disc disease, osteoarthritis, and bilateral carpel tunnel

syndrome. *Id*. at PageID.102. The ALJ discounted or rejected the medical

opinion evidence in the record and found that plaintiff had a residual

functional capacity ("RFC") to perform light work with certain limitations,

including no concentrated exposure to vibration. *Id*. at 105. Notwithstanding

the RFC and its limitations, the ALJ concluded that plaintiff could return to

his past work mowing lawns. *Id*. at 111. Plaintiff challenges the ALJ's

rejection of the medical opinion evidence, his acceptance of the vocational

expert (VE) testimony that he could perform his past relevant work as a

yard worker, and, ultimately, his non-disability determination on appeal.

ECF No. 12.

## II.    Standard of Review

When a party files objections to an R&R on a dispositive matter, the

Court "make[s] a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is

made." 28 U.S.C. § 636(b)(1). A party's failure to file objections to certain

conclusions of the R&R waives any further right to appeal on those issues.

*See Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th

Cir. 1987). Likewise, the failure to object to certain conclusions in the R&R

releases the Court from its duty to independently review those issues. *See*

*Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III.    Analysis

### A. Objection Nos. 1 and 8

As his first objection to the R&R, plaintiff asserts that, by affirming the

ALJ's decision, the magistrate judge overlooked plaintiff's argument that

the ALJ failed to articulate well-supported reasons, consistent with substantial evidence, for rejecting multiple medical opinions contained within the record. ECF No. 17, PageID.2007-08. Specifically, plaintiff contends that the ALJ relied on isolated, cherry-picked fragments of the record to reject or partially reject the medical opinions provided by plaintiff's treating physician and nurse practitioner and the state agency consultants. *Id*. Relatedly, plaintiff asserts in his eighth objection that the ALJ failed to adhere to the regulations requiring a coherent explanation of his reasoning so that a reviewing court can assess whether substantial evidence supported the ALJ's disability determination. *Id*. at PageID.2023. Because the Court must make a de novo determination as to whether the ALJ properly rejected the medical opinion evidence, it does not defer to the magistrate judge and reviews the ALJ's decision directly.

Under 42 U.S.C. § 405(g), the Court's review is limited to determining whether the ALJ's decision is supported by substantial evidence and was made in conformity with proper legal standards. *See Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc.*

*Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

Conformity with proper legal standards means that, even when there is substantial evidence, the ALJ's decision "will not be upheld where the [Social Security Administration (SSA)] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009). Likewise, the Court "may not uphold an ALJ's decision, even if there is enough evidence in the record to support it, if the decision fails to provide an accurate and logical bridge between the evidence and the result." *Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 829-30 (E.D. Mich. 2017); *see also Wilson v. Comm. of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (finding not harmless ALJ's error in failing to make sufficiently clear why he rejected treating physician's opinion, even if substantial evidence not mentioned by ALJ may have supported rejecting treating physician's opinion); *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011).

Plaintiff challenges the ALJ's decision as unsupported by substantial

evidence and, relatedly but alternatively, as nonconforming with legal

standards. Social Security regulations require ALJs to adhere to certain

standards when evaluating medical opinions and ALJs must analyze the

persuasiveness of "all of the medical opinions" in the record. 20 C.F.R.

§ 416.920c(b)(1). A "medical opinion" is a "statement from a medical

source about what [an individual] can still do despite [his] impairment(s)"

and whether the individual has one or more impairment-related limitations

or restrictions. *Id.* § 416.913(a)(2).

Under these regulations, the ALJ "will not defer or give any specific

evidentiary weight, including controlling weight, to any medical opinion(s) or

prior administrative medical finding(s) . . . ." *Id.* § 416.920c(a). Instead, the

ALJ must evaluate the persuasiveness of each medical opinion and prior

administrative medical finding by considering the following factors: (1)

supportability; (2) consistency; (3) relationship with the plaintiff; (4)

specialization; and (5) any other factor "that tend[s] to support or contradict

a medical opinion or prior administrative medical finding." *Id.* § 416.920c(c).

Significantly, because the first two factors—supportability and

consistency—are the "most important," the ALJ "*will* explain" how he or she

considered them. *Id.* § 416.920c(b)(2) (emphasis added).

Page **6** of **14**

As to the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." *Id.* § 416.920c(c)(1). In practice, the supportability factor "concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Reusel v. Comm'r of Soc. Sec.*, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021); *see also* 20 C.F.R. § 416.913(a)(1) (defining objective medical evidence as "medical signs, laboratory findings, or both").[1] As to the consistency factor, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 416.920c(c)(2). That an ALJ does not use the words "supportability" and "consistency" does not necessarily mean

---

[1] Supportability and consistency risk confusion because both touch on the extent of support a medical opinion may have. *Cf. Reusel*, 2021 WL 1697919, at *7 n.6 (stating ALJ's statement that medical opinion was "'not supported by the evidence' treads dangerously close to mixing up 'supportability' and 'inconsistency'"); *Megan B. v. Comm'r of Soc. Sec.*, 2023 U.S. Dist. LEXIS 112992, at *16 n.5 (S.D. Ohio June 29, 2023) (noting ALJ's confusion between supportability and consistency). Put simply, consistency is about how the medical opinion conflicts with evidence in the record, whereas supportability is about how the medical opinion was soundly reached. *See* SSR 96-2p, 1996 WL 374188. A more conceptually accurate word for supportability would be "validity."

the ALJ did not consider those factors. *Hardy v. Comm'r of Soc. Sec.*, 2021 WL 4059310, at *2 (S.D. Ohio Sept. 7, 2021).

These regulations "require that the ALJ provide a coherent explanation of his reasoning." *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 906 (E.D. Mich. 2021). At bottom, the new regulations "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Id.* An "ALJ's failure to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Id.*

Here, the Court finds that the ALJ's articulation for why he rejected the opinions of treaters, Michael Owczarzak, M.D. and Jaafer Beydoun, N.P., as well as state agency evaluators, David Mika, D.O. and Alice Metoyer, D.O., falls short. For all these opinions, the ALJ articulates that the proposed limitations were not supported by or consistent with the overall record. ECF No. 6-2, PageID.109-11. Yet, "[t]he administrative adjudicator has the obligation in the first instance to show his or her work, *i.e.*, to explain in detail *how the factors actually were applied* in each case, to each medical source." *Hardy*, 554 F. Supp. 3d at 909.

To support his assessment of the persuasiveness of the medical opinions, the ALJ cited plaintiff's reported improvement after his spinal surgery. ECF No. 6-8, PageID.1227-28,1233-34. That statement, without any explanation as to how plaintiff's improvement conflicts with or contradicts the medical opinions, fails to meet the adjudicator obligation. ECF No. 6-2, PageID.110; *see also Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 323 (6th Cir. 2015) (stating indications of "improvement from some previous baseline . . . are not inconsistent with the conclusion that [claimant's] overall condition was such that she suffered from severe mental impairment").

The ALJ also supported his partial or complete rejection of the medical opinions by citing to records showing plaintiff had intact sensation, normal reflexes, normal gait with no difficulty with walking or standing, and full strength throughout all extremities. ECF No. 6-8, PageID.844, 927-930, 1227-28,1233-34; ECF No. 6-12, PageID.1789-92, 1817-20. But these selectively isolated portions of the record overlook a multitude of records from plaintiff's treating neurosurgeon, pain specialist, primary care physician, nurse practitioner and physical therapist, records which reflect plaintiff's continued pain and physical deficits following his 2018 fall.

For example, the ALJ does not acknowledge follow-up examinations by his neurosurgeon who documented plaintiff's ongoing back and neck pain, as well as his continued pain down his leg and arm. *See, e.g.*, ECF No. 6-11, PageID.1713; ECF No. 6-12, PageID.1737. Neurosurgeon records from October 2020 specifically note continued radiating pain in plaintiff's right leg and numbness and tingling in his hands. *See, e.g.*, ECF No. 6-11, PageID.1716. In April 2021, plaintiff's neurosurgeon transferred his follow up care to a pain management specialist opining that, although he could achieve improvement, "he is not going to be fully cured and likely will have chronic pain." ECF No. 6-12, PageID.1737.

The ALJ also does not acknowledge Dr. Owczarzak's records showing that in November 2020, plaintiff still relied on narcotic pain relievers to function. *See, e.g.*, ECF No. 6-12, PageID.1781. Those records also reflect that plaintiff received a potent non-steroidal anti-inflammatory ("NSAID") injection for his back in January 2021 and was referred to a pain management clinic in February 2021. *Id*. at PageID.1798, 1811.

Most notably absent from the ALJ's decision are plaintiff's April and May 2021 physical therapy records which discuss plaintiff's continued decreased range of motion, strength, and endurance, continued back pain and pain and tingling in his right leg, along with an ongoing Oswerty

Disability Score in the crippled range. ECF No. 6-11, PageID.1688, 1709-10; ECF No. 6-12, PageID.1726, 1743.

The ALJ notes that plaintiff's hands felt stronger after physical therapy, but the decision omits the statement directly following the acknowledgment of increased strength—that plaintiff continues to report constant numbness and tingling. ECF No. 6-2, PageID.107; ECF No. 6-10, PageID.1526. Nor does the decision acknowledge the occupational therapist's assessment that "complete relief from parethesias [is] unlikely." ECF No. 6-10, PageID.1539.

The Court cannot find that the ALJ discussed plaintiff's well-documented ongoing back pain and decreased range of motion or his continued unresolved right arm numbness in the portions of the ALJ's decision that cites to improvement and normal findings. As a result, the ALJ's consideration of a record cherry-picked for only resolved, improved, or never-suffered symptoms frustrates the Court's ability to determine whether substantial evidence supports the ALJ's rejection of medical opinions for inconsistency and, ultimately, his non-disability determination. See Hardy, 554 F. Supp. 3d at 906.

Remand is therefore appropriate. See Rabbers, 582 F.3d at 654. On remand, the ALJ should consider and explain his consideration of the

medical opinions in light of the entire record before him, as well as under the applicable legal standards mandated by the SSA regulations and by case law.

**B. Remaining Objections**

Although consideration of the remaining objections is unnecessary given the Court's above-discussed decision to remand the matter, one other unenumerated objection by plaintiff warrants discussion. Plaintiff objects generally to the ALJ's finding that his RFC allowed him to perform his past work as a yard worker. ECF No. 17, PageID.2025. Although the ALJ determined that plaintiff must avoid concentrated exposure to vibration as part of the RFC, he accepted the VE's testimony that operating lawn-mowing equipment would not preclude plaintiff from resuming work mowing lawns because the equipment would not produce vibration "to the extent we use it in the Dictionary of Occupational Titles (DOT)." ECF No. 6-3, PageID.188-89. But the VE acknowledged that her assumptions about lawn mowing, and the equipment used for that work was based not on the DOT, but her own experience, and that her experience with lawn mowing as a VE came mainly from her observation of lawn services operating at her home or in her subdivision. *Id*. at PageID.189-90.

An ALJ's reliance on VE testimony must satisfy the substantial evidence standard. *Mattox v. Saul*, 2020 WL 6047173, at *3 (W.D. Pa. Oct. 13, 2020) (citing *Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019)). An ALJ may sometimes rely on a VE solely based on his knowledge and expertise; but where the plaintiff challenges the reliability of the VE's testimony or supplies contrary evidence to it, the ALJ must develop the record and provide a sufficient bridge from the record to the decision so that a reviewing court can determine whether the reliance on the VE's testimony was supported by substantial evidence. *Springer v. Comm'r of Soc. Sec.,* 451 F. Supp. 3d 744, 768 (E.D. Mich. 2020); *see also Ensley v. Comm'r of Soc. Sec.*, 2022 WL 5287798, at *11 (E.D. Tenn. Aug. 10, 2022). "Failure to do so is cause for remand*." Springer,* 451 F. Supp. 3d at 768.

Considering the plaintiff's RFC limitation to avoid exposure to vibration, and plaintiff's challenge to the reliability of the VE's testimony at the hearing, the ALJ's acceptance of the VE testimony that work with lawn mowing equipment would not expose plaintiff to vibration, without explanation or discussion, does not permit this Court to meaningfully review whether the ALJ's reliance on the VE was supported by substantial evidence. Accordingly, this issue provides additional grounds for remand. At the rehearing, if the VE concludes that the vibration from lawn mowing

equipment would not preclude plaintiff from returning to that work, the VE must explain the basis for that conclusion and how his or her experience informs that opinion. And if the ALJ accepts the VE's conclusions, the ALJ shall allow for meaningful judicial review by explaining his reasons for accepting the VE's conclusions and finding them reliable, including the reasons for accepting them over any challenge, contrary evidence, or conclusions from plaintiff.

## IV.    Conclusion

For the reasons above, plaintiff's objections to the R&R (ECF No. 17) are **SUSTAINED**. The Court **REJECTS** the R&R (ECF No. 16), **GRANTS** plaintiff's motion for summary judgment (ECF No. 12), **DENIES** the Commissioner's motion for summary judgment (ECF No. 14). Judgment shall issue in favor of plaintiff and against the Commissioner, **REVERSING** the Commissioner's decision that plaintiff is not disabled and **REMANDING** this case to the Commissioner under 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

s/ Shalina D. Kumar
SHALINA D. KUMAR
Dated: March 21, 2024                    United States District Judge